UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILLAGROS PRENSI, on her own behalf
and on behalf of all others similarly situated,

                              Plaintiff,

-against-

CREDIT BUREAU OF NAPA COUNTY, INC.

                              Defendant.
------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

**06 CIV 11344**

JUDGE JONES

Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Millagros Prensi (hereinafter "Prensi") is a resident of the State of New York, New York County. On or about September 7, 2006, plaintiff received and came into contact with a form debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant Credit Bureau of Napa County, Inc. is a California Business Corporation (hereinafter "CBNC"). Defendant employs the Trade Name Chase Receivables. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, as alleged herein in paragraph number 17 and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of CBNC.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

2

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), 15 U.S.C. 1692g and 1692g(a)(4).

    b. Whether plaintiff and the Class have been injured by the defendant's conduct;

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about September 7, 2006, defendant mailed a collection letter addressed to Ms. Prensi. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a debt allegedly owe by plaintiff originally to a mail order catalog. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by failing to notify the consumer that the consumer must notify the debt collector, in writing, in order to preserve her right to receive verification of the debt and limit the debt collector's contact with the consumer until verification documents are mailed to the consumer. 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b)

18. Defendant used false representations and deceptive means to collect a debt due to another in violation of 15 U.S.C §§ 1692e and 1692e(10).

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

c) Issue a declaratory Order requiring defendant to make corrective disclosures;

d) Awarding plaintiff statutory damages;

e) Awarding class members the maximum statutory damages.

f) Awarding plaintiff costs of this action, including reasonable attorneys' fees and expenses; and

g) Awarding plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: October 19, 2006
Uniondale, New York

Abraham Kleinman (AK-6300)
Lawrence Katz (LK-0062)
Katz & Kleinman PLLC
626 Reckson Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile (888) 903-8400

**EXHIBIT A**

1247 Broadway
Sonoma, CA 95476
PERSONAL & CONFIDENTIAL

Address Service Requested

#BWNFTZF #CHRC71564609067#

MILLIE PRENSI 02223116-36
234 BRADHURST AVE APT 12
NEW YORK, NY 10039-1434

**CHASE RECEIVABLES**
A Professional Collection Agency
800-622-0484

PLEASE CALL BETWEEN
Monday-Friday 5am to 7:30pm PST

September 7, 2006

**RE: LERNER/WFB MAIL ORDER**

For:

**Chase# 02223116**

**TOTAL BALANCE: $ 510.77**

HABLAMOS ESPANOL
THIS DEBT HAS BEEN REFERRED TO THIS OFFICE FOR COLLECTION.
THE RECORDS OF THE ABOVE NAMED CREDITOR SHOW THAT THIS DEBT IS
*** PAST DUE ***

WE ARE PROUD OF OUR REPUTATION BY TREATING PEOPLE WITH THE UP MOST RESPECT AND COURTESY
CHECK IT OUT, CALL US.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Please see the reverse side for the possibility of additional information.

---

DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT.

Home Phone: _____  Work Phone: _____

Payment Methods Available: Credit Card, Electronic Payments over the phone, Post-Dated Electronic Payments, Money Orders, Certified Checks, Western Union-(City Code=Chase Receivables, Score CA.)

LERNER/WFB MAIL ORDER
585666852
Chase# 02223116-36
CHASE RECEIVABLES
1247 BROADWAY
SONOMA CA 95476

MILLIE PRENSI
234 BRADHURST AVE APT 12
NEW YORK, NY 10039-1434

AMOUNT: $ 510.77

JL36.CHR301.2.09/06/06A.00065 65

Form #143

## ***IMPORTANT NOTICE***

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

| | |
|---|---|
| Minnesota | This collection agency is licensed by the Minnesota Department of Commerce, 133 East Seventh St., St. Paul, MN 55101 license number CA-20104640. |
| Tennessee | This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance. |
| Washington | This collection agency is licensed by the Washington Department of Licensing, P.O. Box 9034, Olympia, WA 98507. |
| New York City | New York City Department of Consumer Affairs license number 1016382 |